UNITED STATES DISTRIT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JAMES KEY** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4: 14-CV-538-O** |
| | § | |
| **WALMART** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DISMISSING CASE PURSUANT TO SCREENING PROVISIONS OF 28 U.S.C. § 1915(e) AND FOR LACK OF SUBJECT-MATTER JURISDICTION

On July 14, 2014, *pro-se* plaintiff James Key ("Key") filed a complaint against Defendant Walmart. In his complaint, Key states two words: "negligence" and "food posion [sic]." Along with the complaint, Williams also filed a Motion to Proceed In Forma Pauperis, which was granted by the Court on July 17, 2014.

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding in forma pauperis ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis in law of fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, a plaintiff's claim for relief will be dismissed when the complaint fails to establish a basis for subject-matter jurisdiction. Fed. R. Civ. P 12(b)(1).[1] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). However, a complaint should not be dismissed unless the plaintiff can establish no set of facts in support of his claim which would entitle him to relief. *Id.*

---

[1] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

After reviewing Williams's complaint, the Court finds that Williams has failed to properly invoke any basis for this Court to exercise jurisdiction over the subject matter in this case. The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are met under 28 U.S.C. § 1332 or if the cause of action arises under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331. Being as Williams has not alleged any claim for relief under the Constitution or laws of the United States, he has not invoked the Court's federal-question jurisdiction.[2]

Additionally, to properly invoke diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000 and that he is a citizen of one state while the defendant is a citizen of another. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required; a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). In this case, Williams wholly fails to allege any type of damages. There is no basis to conclude that the minimum amount of value threshold for the exercise of diversity jurisdiction has been satisfied. In addition, Williams wholly fails to indicate the state(s) of citizenship for diversity purposes for either himself or the Defendant. Therefore, Alexander has failed to satisfy the requirements for subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1).

## **RECOMMENDATION**

It is recommended by the Court, pursuant to 28 U.S.C. § 1915(e)(2)(B), that this action be **DISMISSED WITH PREJUDICE** for lack of subject-matter jurisdiction.

---

[2] The Court notes that Key failed to check any box on his Civil Cover Sheet in the section titled "Basis of Jurisdiction."

<u>**NOTICE OF RIGHT TO OBJECTTO PROPOSED**</u>
<u>**FINDINGS, CONCLUSIONS AND RECOMMENDATION**</u>
<u>**AND CONSEQUENCES OF FAILURE TO OBJECT**</u>

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

<u>**ORDER**</u>

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 23, 2014**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 9, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

4